The suit was commenced by warrant "in plea of debt for the sum of $75 due by former judgment," and a judgment was given for the plaintiff for $65 principal money, with interest from a certain day, from which the defendant took an appeal to the county court, which was entered at March Term, 1842. At June Term, 1843, the defendant moved the court to dismiss the suit because the subject-matter was not within the jurisdiction of a justice of the peace; and it was so ordered. The plaintiff then appealed to the Superior Court, and at September Term, 1844, the defendant made the same motion in the Superior Court, and it was again allowed, and the plaintiff appealed to this Court.
The judgment, if it be proper so to call it, which was given in this case is a novel one to us. We do not know exactly what it means; nor do we understand, precisely, the grounds on which the Superior Court proceeded. The decision was made without plea or trial, on a motion of the defendant to dismiss the plaintiff's (157) suit. The term "dismiss" is appropriate to a court of equity, which, upon a decision against a complainant, dismisses his bill. It is also inartificially used by the Legislature in the act of 1826, wherein it is enacted that if a suit be brought in the county court for a less sum than $100, due by bond, note or liquidated account, "the same shall be dismissed by the court." In construing a statute it is the duty of the court to put on the language, however inaccurate, such an interpretation as will, if possible, effect the end of the Legislature by legal means. And upon that principle it would, no doubt, be held that under this act there should be judgment as upon a nonsuit, and for costs against the plaintiff. But a judgment that a suit in a court of law be "dismissed" is unknown. It is said to be no judgment at all. 3 Salk., 213. There is, moreover, no statute in relation to appeals from a magistrate in cases beyond his jurisdiction, and directing the suits to be dismissed, similar to that of 1826, which makes it the duty of the court to dismiss suits improperly commenced in those courts for sums below their jurisdiction. On the contrary, the cases stand on different principles. If a magistrate exceeds his jurisdiction, his judgment is, no doubt, void, Jones v. Jones, 14 N.C. 360; and it will not justify acts under it. The defendant may choose to rely on redress by action for any such acts. He may also have it annulled by writ of false judgment. It is also a settled usage in this State to appeal on that ground as well as on the merits or any other point. And the question is as to the proper mode, on an appeal, of insisting on that point. By the law as it at first stood in the act of 1777 appeals were from a single justice out of court to the justices' court, who reheard and determined the cause in a summary way, without a jury, ch. 115, sec. 68. But the act of 1794, Rev. Stat., ch. 31, sec. 110, which extended the jurisdiction to £ 20, enacted that upon an appeal to the county court "an issue shall be made up and tried by a jury in the same manner as other jury cases are tried"; and from that time there have been pleadings in (158) appeals as in other actions. The court cannot dispose of them sumarily [summarily], more than other cases. Regularly, then, there should be a plea in abatement for the want of jurisdiction. But we perceive that the point has been often made on the general issue, by way of objection to the evidence of a demand not within the jurisdiction, and sustained in that form. Of course, we would not disturb the established course of the courts in this respect. But we have not been aware of any *Page 119 
such proceeding as the present, hitherto. It is not seen how the court ascertained or could judicially ascertain upon motion that the magistrate had not jurisdiction. The warrant, it is true, demands $75 "due by former judgment," and the judgment rendered on it was for $65 principal, besides interest. But the judgment established nothing, as it was annulled by the appeal. And the demand in the warrant is also inconclusive. It may be admitted, for the present, that a magistrate has not cognizance of a sum due by justices' judgment exceeding $60 in principal. Yet it does not follow that the first judgment, here, was for more than $60 merely because the warrant demands $75. The statute requires the warrant to "express the sum and how due." Certainly a plaintiff may recover a less sum than he demands; and the words "how due" are satisfied by stating the money to be due on bond or note or judgment, or the like, without proceeding to describe the security more minutely, as would be done in a declaration, by its tenor, or its date, or the particular sum mentioned in it, or the day it fell due. Therefore, there is no departure from the warrant by giving in evidence, any security of the kind specified in the warrant, provided it be for the sum mentioned, or a less sum; and it has been the constant course to warrant for a certain sum, within the jurisdiction, as due on a bond, for example, and recover any less sum. In this case, then, it could not be assumed before the plaintiff offered his evidence on the trial of an issue that the judgment on which he is suing is not for $60, or less. Indeed, if it were for $60 principal, and by interest subsequently accrued, it exceeded that sum at the time of the second warrant, still the magistrate would have jurisdiction, as incidental to his power to give the judgment originally, and enforce it by (159) execution, as was laid down in Bryan v. Washington, 15 N.C. 479, Now, we cannot say that the $75 demanded be not due thus: the sum of $60 or less for principal and $15 or more for interest. There is, then, nothing in the record which judicially establishes that the former judgment was for more than $60. If the court proceeded on extraneous proofs, it was erroneous, as they could be heard only upon the trial of an issue.
The case has been treated as if a debt of $75 principal money, due on a justice's judgment, was not within the jurisdiction of a magistrate. But although the point is far from being free from doubt, we hold such a case to be cognizable before a justice, or, rather, that it may be. It is not objected here that the magistrate had not cognizance of the original case on which the first judgment was given. If that had been the objection, the proper method of taking it would have been on the plea of nil debet. We are, then, to assume that the first judgment was lawfully given, for example, on a bond for $75; and, if so, we think a new warrant *Page 120 
may be brought thereon at all events, if the plaintiff does not hold the debtor to bail. The opposite position originates in an oversight in drawing the act of 1820, and consolidating the acts in the Revised Statute, ch. 62, sec. 6. The act of 1803 gives a jurisdiction of all debts of £ 30 or under, due by obligation, note, or assumpsit, "or for any judgment which may have been granted over twelve months by a single justice of the peace, and no execution have issued thereon." When the act of 1820, ch. 1045, extended the jurisdiction to $100, it mentions only debts "due on bond, note, or liquidated account," leaving out "former judgment"; and the Revised Statutes pursues the same phraseology, enacting in one section that debts due on bonds, notes, and liquidated accounts, when the principal does exceed $100, and that debts of $60 or under, for goods sold and delivered, or for work and labor done, "or for any judgment granted by a single magistrate," shall be cognizable before a justice of the peace. Taken literally, the act confers only a (160) jurisdiction of $60, due by judgment; and, merely as being due on a judgment, the jurisdiction must be held strictly to that sum. But when the first judgment is, for instance, on a bond for more than $60, which is clearly within the jurisdiction, and the magistrate can enforce the judgment by execution, such judgments on bonds must, by necessary construction, be exceptions to the provision which limits the jurisdiction generally to judgments for $60 and under. There can be no danger in allowing the justice to give a judgment for a sum for which he might issue execution. Indeed, the warrant, when bail is not demanded, is merely a summons in the nature of a scire facias to show cause why execution should not issue on the first judgment. In Bryan v. Washington it did not appear on what the first judgments were given, and the suit was brought by attachment on two judgments, which together exceeded $60. We thought that not allowable; for they could not be united, although each might singly be within the jurisdiction. But here we can only suppose one judgment, and that must be assumed to be lawful, and that the magistrate might have granted execution on it. Such a case, if not within the words, seems to us to be within the meaning and spirit of the act.
PER CURIAM. Reversed.
Cited: McKee v. Angel, 90 N.C. 63. *Page 121 
(161)